NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC.,<br>*Plaintiff*,<br><br>v.<br><br>2216 BERGENLINE AVE., LLC D/B/A EL CENTRO BAR; MARIO GUTIERREZ; GEOVANNI VILLALTA,<br><br>*Defendants*. | Civil No.: 18-cv-13165 (KSH) (CLW)<br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

### I. Introduction

This matter comes before the Court on the motion (D.E. 17) of plaintiff J&J Sports Productions, Inc. for default judgment against defendant 2216 Bergenline Ave., LLC d/b/a El Centro Bar ("El Centro"). Plaintiff alleges that El Centro, without authorization, broadcast a November 2016 boxing match as to which plaintiff had exclusive distribution rights.

### II. Background

The complaint alleges as follows. Plaintiff is a California corporation with a principal place of business in San Jose. (D.E. 1, Compl. ¶ 5.) It is a closed-circuit distributor of sporting and entertainment programming. (*Id.* ¶ 22; D.E. 17-1, Gagliardi Aff. ¶ 3.) Plaintiff had the exclusive right to exhibit, at commercial closed circuit outlets, the November 5, 2016 telecast of a boxing match entitled Manny Pacquiao v. Jesse Vargas Championship Fight Program (the "Program"), and it sublicensed to various commercial entities, including bars and restaurants, the limited right to publicly exhibit the Program. (Compl. ¶¶ 20-21; Gagliardi Aff. Ex. A.) El Centro is a New Jersey company with a bar located in Union City. (Compl. ¶¶ 6-7; Gagliardi

1

Aff. Ex. B.) On November 5, 2016, it allegedly intercepted and broadcast the Program, despite having no sublicense from plaintiff to do so. (Compl. ¶¶ 12-16, 23-25.) Plaintiff claims that this broadcast resulted in income and increased profits for El Centro. (*Id.* ¶¶ 15, 17.)

On August 24, 2018, plaintiff filed its complaint against El Centro and two individuals, Mario Gutierrez and Geovanni Villalta,[1] who it claimed owned, operated, or otherwise supervised the activities at El Centro. The complaint asserted claims for violations of 47 U.S.C. § 605 (count I) and, in the alternative, 47 U.S.C. § 553 (count II), as well as common law claims of conversion (count III), unlawful interference with prospective economic advantage (count IV), unlawful interference with contractual relations (count V), and unjust enrichment (count VI). Plaintiff later dismissed its claims against Gutierrez (D.E. 8, 10) and Villalta (D.E. 13, 15), leaving El Centro as the sole remaining defendant.

El Centro was duly served (D.E. 12), but has not answered or otherwise responded to the complaint. Default was entered against it on February 26, 2019. Plaintiff has now moved for default judgment (D.E. 17), and relies on an affidavit of Joseph M. Gagliardi, plaintiff's president (D.E. 17-1, Gagliardi Aff.), a certification of counsel (D.E. 17-2, Peters Certif.), and a brief (D.E. 17-3, Moving Br.). Plaintiff seeks judgment only on count I, for violation of 47 U.S.C. § 605, in the amount of $25,500. (Peters Certif. ¶¶ 6-7.) Plaintiff also requests 30 days to submit its "request for full costs, including reasonable attorneys' fees." (*Id.* ¶ 8.)

**III.    Legal Standard**

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*,

---

[1] The record reflects several different spellings of Villalta's name. (D.E. 1, 13.) The Court uses the spelling in the complaint.

558 F. Supp. 2d 532, 535 (D.N.J. 2008) (Kugler, J.). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535-36 (citations omitted).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *See Joe Hand Promotions, Inc. v. Batra*, 2017 WL 838798, at *2 (D.N.J. Mar. 2, 2017) (Vazquez, J.).

### IV. <u>Analysis</u>

The threshold requirements for entry of default judgment are met here. The Court has subject matter jurisdiction over plaintiff's 47 U.S.C. § 605 claim. 28 U.S.C. § 1331; 47 U.S.C. § 605(e)(3). Plaintiff's service of process on the company's registered agent within the state (D.E. 12) suffices for personal jurisdiction. Fed. R. Civ. P. 4(h), (k)(1)(A); N.J. Ct. R. 4:4-4(a)(6). El Centro has not answered or otherwise responded to the complaint, and default has been entered by the Clerk against it.

Plaintiff has also stated a claim under 47 U.S.C. § 605, and the record suggests no meritorious defense.[2]  Section 605(a) prohibits the unauthorized interception and publication of communications.  Three elements must be established to state a claim: "(1) interception of a satellite transmission or broadcast, (2) lack of authorization, and (3) publication." *J&J Sports Prods. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018).  Here, plaintiff's submissions satisfy the requirements.  Plaintiff held the exclusive rights to distribute the Program in venues such as El Centro and did not sublicense those rights to El Centro. (Gagliardi Aff. ¶¶ 3-4, 7 & Ex. A; Compl. ¶¶ 20-21.)  From this, it may be properly inferred El Centro lacked authorization to broadcast the Program.  Nonetheless, it showed the Program on November 5, 2016, as confirmed by plaintiff's auditor. (Compl. ¶ 23; Gagliardi Aff. ¶ 7 & Ex. B.)  When the auditor visited, the Program was being shown on one of the bar's six televisions, and between 56 and 68 patrons were present. (Gagliardi Aff. Ex. B.)

The remaining factors also weigh in favor of granting the requested judgment.  Defendants' failure to appear or to file any response to the complaint has prevented plaintiff from prosecuting this action and obtaining relief, to its prejudice.  *See Joe Hand Promotions, Inc. v. Old Bailey Corp.*, 2018 WL 1327108, at *2 (D.N.J. March 15, 2018) (McNulty, J.); *Batra*, 2017 WL 838798, at *3 ("[W]ithout a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by Defendants.").  And "[a]bsent any evidence to the contrary, 'the [d]efendant's failure to answer evinces the [d]efendant's culpability'" in the default.  *Joe Hand Promotions, Inc. v. Old Bailey Corp.*, 2018 WL 1327108, at *2 (quoting *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at

---

[2] Plaintiff is not seeking judgment or relief on its remaining claims, and the Court therefore need not evaluate their legal sufficiency.

*4 (D.N.J. Oct. 5, 2011)). No such evidence of a reason other than defendants' "willful negligence" is present here. *See id.*

With respect to damages, the statute permits a plaintiff to elect between actual and statutory damages. 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II). If the plaintiff elects to seek statutory damages, it may recover no less than $1,000 and no more than $100,000, "as the court considers just." *Id.* § 605(e)(3)(C)(i)(II). If the Court finds that the statutory violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," it may, in its discretion, increase the damages award, "whether actual or statutory, by an amount of not more than $100,000 for each violation." *Id.* § 605(e)(3)(C)(ii). Plaintiff has elected to seek statutory damages, and seeks "at least" $6,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II). (*See* Peters Aff. ¶ 7; Moving Br. 7.) Plaintiff also seeks $19,500 in what it refers to as "enhanced" damages under 47 U.S.C. § 605(e)(3)(C)(ii) for defendants' alleged willfulness.

In the absence of a required formula for determining the appropriate amount of damages to be awarded for § 605 violations (Moving Br. 12), the Court looks to actual damages as a persuasive metric, as other courts in this district have done. *See Batra*, 2017 WL 838798, at *3; *Joe Hand Promotions, Inc. v. Waldron*, 2013 WL 1007398 (D.N.J. Mar. 13, 2013) (Kugler, J.). *Waldron* similarly involved a motion for default judgment in an action seeking statutory and enhanced damages from commercial defendants for unlawfully showing a fight program in a restaurant. Judge Kugler concluded that the statutory damages, like actual damages, serve only a compensatory function, and the enhanced damages serve a deterrent function. *See* 2013 WL 1007398, at *6-7. There, statutory damages in the amount of the license fee defendants would have been charged if they properly licensed the program were appropriate. *Id.* at *7. *See also Joe Hand Promotions, Inc. v. Laguna Lounge, LLC*, 2018 WL 314816, at *2 (D.N.J. Jan. 5,

2018) (Salas, J.); *Joe Hand Promotions, Inc. v. Candelaria Assocs.*, LLC, 2017 WL 2304646, at *2 (D.N.J. May 25, 2017) (Linares, J.); *Batra*, 2017 WL 838798, at *3. This Court applied the same rationale in a recent decision involving plaintiff's nearly identical claims against another bar. *J&J Sports Prods. v. Old Bailey Corp.*, 2019 WL 4267856 (D.N.J. Sept. 9, 2019). Here, the Court again applies it, and will award $2,000 in statutory damages, an amount equal to the sublicense fee that an establishment of El Centro's capacity would have been charged. (*See* Gagliardi Aff. ¶ 8 & Exs. B & C.) Although plaintiff seeks to have defendants' profits added to this amount (Moving Br. 11), the record lacks evidence of the amount of those profits, if any.

With respect to enhanced damages, plaintiff certifies that its programming cannot be mistakenly intercepted and affirmative steps would have to be taken to do so. (Gagliardi Aff. ¶¶ 9-10, 14.) Additionally, the Court infers from the fact that defendants showed the Program at El Centro, a place of business, that their actions were taken for commercial advantage or pecuniary gain. *Waldron*, 2013 WL 1007398, at *3 (same). As such, the Court will exercise its discretion to award additional, or enhanced, damages under 47 U.S.C. § 605(e)(3)(C)(ii).

The Court will not, however, award the full amount plaintiff has requested. Five factors inform the appropriate amount of an enhanced damages award:

> (1) whether the defendant has intercepted unauthorized broadcasts repeatedly and over an extended period of time; (2) whether it reaped substantial profits from the unauthorized exhibition in question; (3) whether the plaintiff suffered significant actual damages; (4) whether the defendant advertised its intent to broadcast the event; and (5) whether the defendant levied a cover charge or significant premiums on its food and drink because of the broadcast.

*Batra*, 2017 WL 838798, at *4. Here, plaintiff has pointed to no other similar conduct by El Centro, and has provided no evidence of or information about profits, advertising, or promotional efforts. No cover fee was charged, and plaintiff did not seek to determine whether El Centro priced its food or drink at a premium for the Program. (Gagliardi Aff. ¶ 17 & Ex. B.) Although

plaintiff alleges that signal piracy in general costs it "millions" (*id.* ¶¶ 12-13), its actual damages in this instance – separate from alleged "detrimental effects" on others – appear to be the loss of the sublicense fee.

Notably, the auditor observed the Program on one of six televisions placed around the bar. The 60-inch television, as well as the two 32-inch televisions and the other 42-inch television, were displaying other programming. (Gagliardi Aff. Ex. B.) In other words, El Centro does not appear to have featured the Program as a means of drawing customers or increasing revenue. Under the circumstances, the Court views $2,000 as an appropriate enhanced damages award. This amount, plus the statutory damages award, results in defendants' liability for double the amount of the license fee they failed to pay. *Accord Joe Hand Promotions, Inc. v. Old Bailey Corp.*, 2018 WL 1327108, at *3 (awarding same amount in enhanced damages as was awarded in statutory damages).

Finally, 47 U.S.C. § 605(e)(3)(B)(iii) requires that the Court "direct the recovery of full costs," including attorneys' fees, to a prevailing plaintiff. In accordance with L. Civ. R. 54.1 and 54.2, plaintiff shall file its motion for costs and attorneys' fees within 30 days after the date of entry of the order and judgment accompanying this opinion.

### V.    Conclusion

For the foregoing reasons, the Court will grant plaintiff's motion for default judgment and award damages in an amount totaling $4,000. An appropriate order and judgment will follow.

/s/ Katharine S. Hayden
Date: October 21, 2019                         Katharine S. Hayden, U.S.D.J